in favor of plaintiff entered upon a verdict and directed a dismissal of the complaint. The action was to recover damages for the alleged conversion of 312 shares, of the par value of ten dollars each, of the capital stock of the Powers Film Products, Inc., of which defendant was president. The complaint alleged that plaintiff was the owner of the stock which was in the possession of the defendant, who refused to deliver it on demand. The answer put in issue plaintiff's ownership, defendant's possession and the alleged conversion. Plaintiff claimed that he was the owner of the stock by reason of a promise made to him by the defendant to the effect that the defendant would transfer to him 312 shares of stock and the corporation would pay him sixty dollars per week, both in consideration for his services for one year, as superintendent of the corporation. Defendant contended that all was to be paid and furnished by the corporation.

*H. Randolph Guggenheimer* for appellant.
*Samuel F. Moran* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN W. SCHWARTZ, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

*New York city — board of education — power to fix wages of lineman-electrician in its employ at other than prevai.ing rate.*

*Schwartz v. Boar d of Education, City of New York,* 209 App. Div. 738, affi med.

(Submitted October 20, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment, entered June 9, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a determination of the Appellate Term which affirmed a judgment of the Municipal Court of the city of New York in favor of plaintiff and directing a dismissal of the

complaint. The action was to recover the difference between nine dollars per day, paid to the plaintiff as an employee of the board of education in the position of lineman-electrician, and nine dollars and sixty cents per day, during the period from August 1, 1920, to May 15, 1923, to which he claimed to be entitled under chapter 680 of the Laws of 1920, and schedules and by-laws of the board of education adopted June 16,. 1920, pursuant to said law. The Appellate Division held that by virtue of the provisions of the Labor Law; the plaintiff being entitled to the prevailing rate of wages, the board of education had no power to actually fix his wages or to provide any rate as his compensation other than the prevailing rate.

*Maurice Breen* for appellant.

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien* and *Henry J. Shields* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

A. EUGENE AUSTIN, Respondent, *v.* CHARLES B. MAN-VILLE, Appellant, Impleaded with Another.

*Bills, notes and checks — action to recover on promissory notes — defense that defendant had indorsed same for accommodation of plaintiff — counterclaim for fraud.*

*Austin* v. *Clarke,* 210 App. Div. 807, affirmed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 21, 1924, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon two promissory notes. The answer of defendant, appellant, set up as a defense that he had indorsed and delivered the notes in suit for the benefit and accommodation of the plaintiff and the defendant Walter B. Clarke without receiving any value therefor himself, and as a counterclaim set forth a cause of action